[Cite as *State v. Cassell*, 2012-Ohio-3061.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | : | JUDGES:                  |
| STATE OF OHIO            | : | Patricia A. Delaney, P.J. |
|                          | : | William B. Hoffman, J.   |
| Plaintiff-Appellee       | : | Julie A. Edwards, J.     |
|                          | : |                          |
| -vs-                     | : | Case No. 2011CA00224     |
|                          | : |                          |
|                          | : |                          |
| RICHARD CASSELL          | : | O P I N I O N            |
|                          |   |                          |
| Defendant-Appellant      |   |                          |

CHARACTER OF PROCEEDING: Criminal Appeal from Canton
Municipal Court Case No.
2011CRB2653

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: June 28, 2012

APPEARANCES:

For Plaintiff-Appellee
c
ANTHONY RICH
Assistant Prosecuting Attorney
City of Canton
218 Cleveland Ave., S.W.
P.O. Box 24218
Canton, Ohio 44701

For Defendant-Appellant

ERICA PRUITT VOORHEES
Stark County Public Defender Office
West Tuscarawas Street, Suite 200
Canton, Ohio 44702

*Edwards, J.*

{¶1} Defendant-appellant, Richard Cassell, appeals his conviction and sentence from the Canton Municipal Court on one count of theft. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FATS AND CASE

{¶2} On July 18, 2011, a complaint was filed alleging that appellant had committed theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. Subsequently, a jury trial commenced on September 14, 2011. The following testimony was adduced at trial.

{¶3} Angela Walker, a cashier at the Bell Store in Hartville, Ohio, testified that she was working on April 28, 2011, at around 11:00 a.m. She testified that she was watching pump sixteen when she saw appellant, who she identified at trial, hang up the nozzle to the pump and get into his vehicle. Walker testified that she kept an eye on pump sixteen because "that's where they try to go if they're gonna skip,.." Transcript at 65.

{¶4} As appellant was pulling away, Walker ran up to the side of his car. The passenger window was down. Walker testified that she told appellant that he had to pay for his gas and that appellant indicated that he was going to pay and that he was going to pull forward. At the time, Walker was approximately three feet away from appellant. According to Walker, appellant, who was driving a black Mercedes, then left without paying for $49.03 in gas. Walker then ran into the store and wrote down the license plate of the Mercedes. She recorded the license plate as EOY2635.

{¶5} Walker testified that appellant came in again two months later in the same vehicle to get gas and that, at such time, she realized the O on the license plate was actually a Q. Walker then called the police with the correct license plate number and the police were able to identify appellant as the person who drove away.

{¶6} On cross-examination, Walker testified that, after the police were called on April 28, 2011, she told the police that the person who left without paying was a white male. She did not identify such person by hair color. Walker further testified that, on such day, she saw hundreds of other white males.

{¶7} At the trial, Officer Michael Stephey of the Hartville Police Department testified that he was assigned to investigate a case of theft of gas that occurred on April 28, 2011, at the store where Walker worked. He testified that when the original officer assigned to the case ran the license plate number originally provided to the police by Walker, it came back to a truck and not to a black Mercedes. Later, when Walker contacted the police with a different license plate number after appellant returned to the Bell Store, Stephey ran the plate and found that the plate was registered to a 1999 black Mercedes owned by appellant. After Stephey pulled up appellant's picture, Walker identified him as the person who drove off without paying. The following is an excerpt from the officer's testimony:

{¶8} "Q. I mean, you- you asked him [appellant] on April 28th, 2011, was he at the Bell Store?

{¶9} "A. Yes.

{¶10} "Q. And he said that he was?

{¶11} "A. He remembers being there, he remembers talking to the clerk, but it-he doesn't remember if he got gas.

{¶12} "Q. And you- you viewed the video[1] in this case?

{¶13} "A. Yes.

{¶14} "Q. And in that video were you able to see whether or not the defendant's-uh, defendant and his vehicle were- were getting gas at the store- at the Bell Store?

{¶15} "A. From- from the video you can see the black Mercedes, the front of the car, you can only see the low half of his body at the pump pumping the gas, and then you can see the clerk when she runs out and makes contact with him.

{¶16} "Q. And- and the clerk identified the defendant as the man who…

{¶17} "A. Yes.

{¶18} "Q. …stole the gas that day? And then just what- what was the defendant ultimately charged with in this case?

{¶19} "A. Theft. Drive off with gas." Transcript at 91.

{¶20} At the conclusion of the evidence and the end of deliberations, the jury, on September 14, 2011, found appellant guilty of theft. As memorialized in a Judgment Entry filed on the same day, appellant was sentenced to 180 days in jail with all but ten (10) days suspended. In addition, appellant's driver's license was suspended for a period of 180 days and appellant was ordered to pay $50.00 in restitution.

{¶21} Appellant now raises the following assignment of error on appeal:

{¶22} "I. THE TRIAL COURT ERRED IN ITS ADOPTION OF A GUILTY FINDING AS THIS FINDING IS AGAINST THE MAINFEST [SIC] WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

---

[1] The video, due to technical problems, was not played at trial.

I

{¶23} Appellant, in his sole assignment of error, argues that his conviction for theft of gas was against the manifest weight and sufficiency of the evidence. We disagree.

{¶24} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶25} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983).

{¶26} Appellant was convicted of theft in violation of R.C. 2913.02(A)(1). Such section states as follows: "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:(1) Without the consent of the owner or person authorized to give consent;…"

{¶27} Appellant, in support of his argument, notes that Walker gave a very general description of the suspect as a white male approximately five feet, ten inches in height and that she testified that the gas station was very busy on the day in question. Appellant also notes that the license plate number that Walker originally provided to police was not registered to a black Merecedes.

{¶28} However, we find that any rational trier of fact, after viewing the evidence in a light most favorable to the prosecution, could have found the essential elements of the crime of theft proven beyond a reasonable doubt. We further find that the jury did not lose its way in convicting appellant of such offense. As is stated above, testimony was adduced at trial that Walker observed a white male pump approximately $50.00 worth of gas into his black Mercedes and then pull forward. When Walker ran out to the man and told him that he had to pay, he indicated that he would, but instead drove off. Walker identified appellant at trial as such man.

{¶29} Immediately after the theft, Walker provided the police with what she believed to be the vehicle's license plate number of EOY2635. However, the license plate number provided was not registered to a black Mercedes. Approximately two months later, Walker observed appellant in the same Mercedes return to the Bell Store. Walker then wrote down the vehicle's actual license plate number, which was EQY2635, and contacted the police with such information. Such license plate number was registered to a black Mercedes owned by appellant. Upon being shown appellant's photo, Walker identified appellant as the person who had left without paying on April 28, 2011.

**{¶30}** Appellant's sole assignment of error is, therefore, overruled.

**{¶31}** Accordingly, the judgment of the Canton Municipal Court is affirmed.


By: Edwards, J.

Delaney, P.J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/d0503

[Cite as *State v. Cassell*, **2012-Ohio-3061.**]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                Plaintiff-Appellee     :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
RICHARD CASSELL                        :
                                       :
                Defendant-Appellant    :          CASE NO. 2011CA00224


    For the reasons stated in our accompanying Memorandum-Opinion on file, the

judgment of the Canton Municipal Court is affirmed.  Costs assessed to appellant.


                                   _____

                                   _____

                                   _____

                                                  JUDGES